IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

David Chapman, #185661       )
                 )     Civil Action No.8:07-3482-DCN-BHH
          Petitioner,  )
                 )
     v.              )     **REPORT AND RECOMMENDATION**
                 )        **OF MAGISTRATE JUDGE**
Warden of Lieber         )
Correctional Institution,   )
                 )
         Respondent.  )
_____)

The petitioner, a state prisoner, seeks relief pursuant to Title 28, United States Code, Section 2254. This matter is before the Court on the petitioner's motions to supplement the petition (Dkt. # 13), for sanctions (Dkt. # 22), for default judgment (Dkt. # 23), and for an evidentiary hearing (Dkt. # 24); and the respondent's motion for summary judgment (Dkt. # 14).

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review posttrial petitions for relief and submit findings and recommendations to the District Court.

The petitioner brought this habeas action on October 18, 2007.[1] On January 30, 2008, the respondent moved for summary judgment. By order filed January 31, 2008, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. On March 7, 2008, the petitioner filed a response opposing the respondent's summary judgment motion.

_____

[1]This date is the date that the envelope was postmarked. (Pet. Attach. #3.) *See Houston v. Lack*, 487 U.S. 266 (1988)(holding prisoner's pleading is considered filed when filed with prison authorities for forwarding to the district court).

## **PROCEDURAL FACTS**

The petitioner is a state prisoner currently housed at the Lieber Correctional Institution. In September 2003, the petitioner was indicted for murder, first-degree burglary, and strong armed robbery by the Charleston County Grand Jury. The petitioner was represented by attorney Melissa White Gay.

The petitioner had previously done yard work for the victim. During the burglary and robbery, the petitioner armed himself with a deadly weapon by taking a shotgun away from the victim. (App. at 122.) The petitioner stole the shotgun and the victim's wallet which contained a small amount of cash. (App. at 123.) As a result of the burglary and robbery, the victim became ill with pneumonia and eventually died. (App. 128-129.)

On August 30, 2004, the petitioner's trial started before a jury and with the Honorable Doyet A. Early, III, presiding. After opening statements by the State and the petitioner, the petitioner decided to pled guilty. The State agreed to dismiss several other pending charges against the petitioner, including two unrelated burglary charges. The petitioner pled guilty to first degree burglary, strong armed robbery, and voluntary manslaughter and Judge Early sentenced him to thirty-five years on the burglary charge, fifteen years on the strong armed robbery charge, and thirty years on the voluntary manslaughter charge with each sentence to run concurrently. (App. 113-139.)

The petitioner filed a timely appeal of his guilty plea and sentence. The petitioner was represented by Joseph Savitz of the South Carolina Office of Indigent Defense. Savitz filed a petitioner to be relieved as counsel and an *Anders*[2] brief raising one issue: Whether the trial "judge erred by advising [the petitioner] that his guilty plea could be appealed,

---

[2]*Anders v. California*, 386 U.S. 738 (1967).

because guilty pleas in South Carolina are unconditional, so the judge's advice rendered [the petitioner's] plea invalid. " (Resp't's Mem. Supp. Summ. J. Attach. # 2.)

The petitioner also filed a pro se response with the Court of Appeals raising one issue: Whether "the Judge erred in excepting (sic) [the petitioner's] negotiated plea without exploring whether [the petitioner's] conduct was the cause of the victim's death when there was testimony to the contrary."  (*Id.* Attach # 3.)  On June 8, 2007 the Court of Appeals dismissed the petitioner's appeal after a review of the record pursuant to *Anders*.  (*Id.* Attach. # 4.) On August 27, 2007, the Court of Appeals also denied the petitioner's petition for a rehearing. The remittitur was sent down October 3, 2007.  (*Id.* Attach. # 5.)  The petitioner did not file a post-conviction relief ("PCR") action in state court.

On October 18, 2007, the petitioner filed this federal habeas petition raising the following grounds, quoted verbatim:

> **Ground One:**    Did the trial court err, and or was the defendant's 5th, 6th, 14th Amendment rights of the U.S. Constitution, as well as Article IV §2, and his due process rights violated, by the indictment(s) of South Carolina, as constructed possessing a structural constitutional error and or defect, by its language and or charge contained therein which did create and or form conclusive presumption(s). That took away the Petitioner's presumption of innocence, and automatically shifted the burden of persuasion to the defendant, in regard to the crucial elements of dispute?
>
> **Ground Two:** Did the Trial court err and was the Appellant's 5th, 6th, 14th Amendment rights of the U.S. Constitution and his due process rights violated due to the trial court lacking subject matter jurisdiction, and or was prohibited from enacting its powers of subject matter jurisdiction because there was no "(W)ritten" order of continuance filed with the Clerk of Court pursuant to Article V § 4 of the S.C. Const.?
>
> **Ground Three:**  Did the trial court err and was the Petitioner's 5th, 6th, 14th Amendment rights of the U.S. Constitution and his due process rights violated, by the indictment for murder, failure to properly and or sufficiently apprise the Petitioner of the "(T)ime" of the assault, and the "(T)ime" of the death as "(T)ime" is recognized by law?

3

**Ground Four:**  Did the trial court err and was the Petitioner's 5th, 6th, 14th Amendment rights of the U.S. Constitution and his due process rights violated, by the defect in the indictment for murder failure to allege the "(S)tate" where the crime(s) in the body of the charging instrument?

**Ground Five:**  Did the trial court err and was the Petitioner's 5th, 6th, 14th Amendment rights of the U.S. Constitution and his due process rights violated, by the indictment for burglary first degree failure to allege the specific crime the Petitioner was supposed to have committed, and the specific weapon the Petitioner was supposed to be in possession of?

**Ground Six:**  Did the trial court err and was the Petitioner's 5th, 6th, 14th Amendment rights of the U.S. Constitution and his due process rights violated, by the trial court allowing constructive amendment of the indictment(s) at the Petitioner's trial and or plea hearing?

**Ground Seven:**  Did the Court in *State v. Gentry* abuse their discretionary power, and in such, the trial court lacked subject matter jurisdiction and or was prohibited, and or deprived of the "(P)ower" and or"(A)bility" to enact or invoke its subject matter jurisdictionary powers, due to the indictment(s) failure to properly and or fully apprise the Petitioner of what he is called upon to meet, in violation of the Petitioner's 5th, 6th, 14th Amendment rights of the U.S. Constitution and the laws of due process because the structural constitutional error and or defect in the construction of the indictments by their language and or charge shift the burden of persuasion?

(Pet. 5-7.)

## APPLICABLE LAW

**Summary Judgment Standard**

Rule 56 of the Federal Rule of Civil Procedure states as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

4

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law.  As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant.  *Id.* at 257.  In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party.  *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings.  Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue.  *Id.* at 324.  Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion.  *Anderson,* 477 U.S. at 252.  Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion.  *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

HABEAS STANDARD OF REVIEW

Since the petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134

5

F.3d 615 (4th Cir.1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication:

> 1. resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States; or

> 2. resulted in a decision that was based on an unreasonable application of the facts in light of the evidence presented at the state court proceeding. 28 U.S.C. § 2254(d)(1)(2).

Federal habeas corpus relief may not be granted unless the relevant state-court adjudication "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings," 28 U.S.C.A. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 398 (2000). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 410.

## EXHAUSTION AND PROCEDURAL BAR

A. Procedural Bar

Exhaustion and procedural bypass are separate theories which operate in a similar manner to require a habeas petitioner to first submit his claims for relief to the state courts. The two theories rely on the same rationale. The general rule is that a petitioner must present his claim to the highest state court with authority to decide the issue before the federal court will consider the claim.

1. Exhaustion

The theory of exhaustion is based on the statute giving the federal court jurisdiction of habeas petitions. Applications for writs of habeas corpus are governed by 28 U.S.C. §

2254 , which allows relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States." The statute states in part:

> (b) (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that
>
> > (A) the applicant has exhausted the remedies available in the courts of the State; or
> >
> > (B) (I) there is either an absence of available State corrective process; or
> >
> > (ii) circumstances exist that render such process, ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

This statute clearly requires that an applicant pursue any and all opportunities in the state courts before seeking relief in the federal court. When subsections (b) and (c) are read in conjunction, it is clear that § 2254 requires a petitioner to present any claim he has to the state courts before he can proceed on the claim in this court. The United States Supreme Court has consistently enforced the exhaustion requirement.

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction. The first avenue is through a direct appeal and, pursuant to state law, he is required to state all his grounds in that appeal. SCAR 207; *Blakeley v. Rabon*, 221 S.E.2d 767 (S.C. 1976). The second avenue of relief is by filing an application for PCR.

7

S.C. Code Ann. § 17-27-10 et seq.  A PCR applicant is also required to state all of his grounds for relief in his application. S.C. Code Ann. § 17-27-90.  Strict time deadlines govern direct appeal and the filing of a PCR in the South Carolina Courts.  A PCR must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

When the petition for habeas relief is filed in the federal court, a petitioner may present only those issues which were presented to the South Carolina Supreme Court through direct appeal or through an appeal from the denial of the PCR application, whether or not the Supreme Court actually reached the merits of the claim. If any avenue of state relief is still available, the petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts. *Patterson v. Leeke*, 556 F.2d 1168 (4th Cir. 1977); *Richardson v. Turner*, 716 F.2d 1059 (4th Cir. 1983).

2. Procedural bypass

Procedural bypass is the doctrine applied when the person seeking relief failed to raise the claim at the appropriate time in state court and has no further means of bringing that issue before the state courts. If this occurs, the person is procedurally barred from raising the issue in his federal habeas petition. The United States Supreme Court has clearly stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts, *Smith v. Murray*, 477 U.S. 527, 533 (1986).  Bypass can occur at any level of the state proceedings, if a state has procedural rules which bar its courts from considering claims not raised in a timely fashion. The two routes of appeal in South Carolina are described above, (i.e., direct appeal, appeal from PCR denial) and the South Carolina Supreme Court will refuse to consider claims raised in a second appeal which could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court.

8

If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. State procedural rules promote . . . not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case. *Reed v. Ross*, 468 U.S. 1, 10-11 (1984).

Stated simply, if a federal habeas petitioner can show (1) cause for his failure to raise the claim in the state courts, and (2) actual prejudice resulting from the failure, a procedural bar can be ignored and the federal court may consider the claim. Where a petitioner has failed to comply with state procedural requirements and cannot make the required showing of cause and prejudice, the federal courts generally decline to hear the claim. *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

3. Inter-relation of Exhaustion and Procedural Bypass

As a practical matter, if a petitioner before this court has failed to raise a claim in state court, and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court. A federal court is barred from considering the filed claim (absent a showing of cause and actual prejudice). In such an instance, the exhaustion requirement is technically met and the rules of procedural bar apply. *Matthews v. Evatt*, 105 F.3d 907 (4th Cir. 1997)(citing *Coleman v. Thompson*, 501 U.S. 722, 735 n. 1 (1991); *Teague v. Lane*, 489 U.S. 288, 297-98 (1989); and *George v. Angelone*, 100 F.3d 353, 363 (4th Cir. 1996).

4. Cause and Actual Prejudice

The requirement of exhaustion is not jurisdictional and this court may consider claims which have not been presented to the South Carolina Supreme Court in limited circumstances. *Granberry v. Greer*, 481 U.S. 129, 131 (1987). In order to have such claims considered, a petitioner must show sufficient cause for failure to raise the claim and

actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or that a "fundamental miscarriage of justice" has occurred. *Murray*, 477 U.S. 478. A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor which hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim. *Id.*

Absent a showing of "cause," the court is not required to consider "actual prejudice." *Turner v. Jabe*, 58 F.3d 924 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice in order to excuse a default. *Murray*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error. He is required to prove that specific errors infected the trial and were of constitutional dimensions. *United States v. Frady*, 456 U.S. 152 (1982).

## DISCUSSION

The respondent contends that this habeas petition should be dismissed because the grounds which the petitioner raises in this habeas action are all direct appeal issues which were procedurally defaulted in state court thus they cannot now be considered on habeas review. *Mathews v. Evatt,* 105 F.3d at 911. The undersigned agrees.

The petitioner did not raise any of grounds he now raises in this habeas action in state court. As noted above, although the petitioner's claims are procedurally defaulted, he may still obtain review of his claims if he can establish either: (1) cause for the default and actual prejudice as a result of the alleged violation of federal law, or (2) that failure to consider the claim will result in a fundamental miscarriage of justice because he is actually innocent of the crime for which he was convicted. *Coleman v. Thompson*, 501 U.S. at 750.

In this context, "cause" is defined as "some objective factor external to the defense [that] impeded counsel's efforts to comply with the State's procedural rule." *Strickler v. Greene*, 527 U.S. 263, 283 n. 24 (1999)(*quoting Murray v. Carrier*, 477 U.S. 478, 488 (1986)). A petitioner must show reasonable diligence in pursuing his claim to establish

10

cause. *Hoke v. Netherland*, 92 F.3d 1350, 1354 n. 1 (4th Cir. 1996). Moreover, the claim of cause must itself be exhausted. *Edwards v. Carpenter*, 529 U.S. 446 (2000) (failure of counsel to present issue on direct appeal must be exhausted in collateral proceeding as ineffective assistance to establish cause for default). To establish "actual prejudice," a petitioner generally must show some error. *Tucker v. Catoe*, 221 F.3d 600, 615 (4th Cir. 2000). In addition, a petitioner must show an actual and substantial disadvantage as a result of the error, not merely a possibility of harm, to show prejudice. *Satcher v. Pruett*, 126 F.3d 561, 572 (4th Cir.1997).

Finally, "actual innocence" is not an independent claim, but only a method of excusing default. *O'Dell v. Netherland*, 95 F.3d 1214, 1246 (4th Cir. 1996). To prevail under this theory, a petitioner must produce new evidence that was not available at trial to establish his factual innocence. *Royal v. Taylor*, 188 F.3d 239 (4th Cir. 1999).

The petitioner has filed a rambling and sometimes incoherent memorandum opposing the respondent's motion for summary judgment. He references another habeas case currently pending in this Court, *Lawrence Crawford v. State of South Carolina*, C/A No. 08-138-TLW, and alleges a conspiracy "possibly going up as far as the White House" (Pet'r's Aff. at 9).[3] Further, he alleges it is crucial that he be provided with the 240-page petition from the *Lawrence* case which he claims will establish cause and prejudice. (Pet'r's Aff. at ¶¶ 6, 10.) He alleges because his civil rights have been violated, he did not have to exhaust his state remedies and further that "[d]ue to the class action nature of these proceedings, that petitioner did not have to exhaust state remedies." (*Id.* at ¶ 10.) The petitioner also appears to be alleging that he only recently discovered the conspiracy and

---

[3]He alleges Crawford is "a man unjustly framed for murder behind religious and racial hatred." (Pet'r's Aff. Supp. Mot. to Compel at 3.) He further alleges "Crawford was framed for his religious beliefs" and that Crawford is possibly "'The Elijah,' 'The Muslim Mahdi,' 'The King of the North in the Book of Danile, Chapt. 11,' 'The Jewish Heir, King, and High Priest of the Throne of Israel and Christian Church' . . . (*Id.* at 5.)

he did not know of the grounds that he is now raising until he met Lawrence Crawford.  (*Id*. at ¶¶ 12, 14.)   The undersigned notes that he specifically states that "[t]here indeed may be issues pertaining to the ineffective assistance of counsel, but [he] is not presently arguing such, due to the conspiracy impeding [his] efforts to place forth such a claim in the PCR Court." (*Id*. at 19.)   Having reviewed the petitioner's response, the undersigned finds the petitioner has failed to set forth sufficient cause and prejudice or any new evidence which would establish his actual innocence. Accordingly, the undersigned finds the petitioner's issues procedurally barred.

In *Kornahrens v. Evatt*, 66 F.3d 1350 (4th Cir. 1995), the Court of Appeals stated that once a claim is determined to be procedurally barred, the court should not consider the issue on its merits. The Court noted that it is always tempting to discuss the merits as an alternative reason for a conclusion, but that once a court finds an issue to be procedurally barred, all discussion which follows is only dicta.  *See Karsten v. Kaiser Foundation Health Plan*, 36 F.3d 8, 11 (4th Cir. 1993). Therefore, once a court has determined that a claim is procedurally barred, it should not stray into other considerations. As the petitioner's claims are procedurally barred, the undersigned will not address the merits of the petitioner's grounds for relief.

**Petitioner's Motion to Supplement Petition**

The petitioner has filed a motion to supplement his petition by adding an additional claim.  (Dkt. # 13.)  The petitioner wants to raise a ground raising a *Brady* violation. This issue was not raised in state court and would be procedurally barred in this habeas action. Thus, to allow such an amendment would be futile. Accordingly, the petitioner's motion to supplement his habeas petition should be denied.

To the extent that the petitioner is seeking to compel the respondent to respond to his discovery requests, the undersigned recommends this request be denied.   The petitioner has requested documents in another habeas case pending before this Court,

12

*Lawrence Crawford v. State of South Carolina*, C/A No. 08-138-TLW. Despite the petitioner's conclusory allegations of a class action and a conspiracy "possibly going up as far as the White House" (Pet'r's Aff. at 9), there is no evidence in the record of any conspiracy or class action.

A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course. *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Rule 6(a) of the Rules Governing § 2254 cases states "[a] judge may, for good cause, authorize a party to conduct discovery." Additionally, pursuant to Rule 6(b), a "[a] party requesting discovery must provide reasons for the request." The petitioner has not provided sufficient reasons to establish good cause to invoke the process of discovery. Therefore, the petitioner's motion for discovery should be denied.

## CONCLUSION

Wherefore, it is RECOMMENDED that the respondent's Motion for Summary Judgment (# 14) be GRANTED; the Petitioner's Motion to Supplement his Petition (Dkt. # 13) be DENIED; and the habeas petition DISMISSED with prejudice.

FURTHER, if the District Court adopts this report, IT IS ALSO RECOMMENDED that the Petitioners' Motions for Sanctions (Dkt. # 22), for Default Judgment (Dkt. # 23), and for an Evidentiary Hearing (Dkt. # 24) be DENIED as moot.

s/Bruce Howe Hendricks
United States Magistrate Judge

June 13, 2008
Greenville, South Carolina

**The petitioner's attention is directed to the important notice on the next page.**

13

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).